UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AJAY MANGAL,

        Plaintiff,

v.

CASE NO.:

SEGWAY INC., a foreign corporation,
and NINEBOT (BEIJING) TECH. CO.,
LTD., a foreign limited company,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AJAY MANGAL ("MANGAL"), by and through the undersigned counsel, hereby sues Defendants, SEGWAY INC., ("SEGWAY"), a foreign corporation; and NINEBOT (BEIJING) TECH. CO. LTD. ("NINEBOT"), a foreign limited company, and states:

### Jurisdiction, Venue and Parties

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, thus vesting this Court with jurisdiction under 28 U.S.C. §1332. Additionally, venue is proper pursuant to 28 U.S.C. §1391 as the incident which gives rise to this action occurred in within this judicial district.

2. At all times material hereto, MANGAL was a citizen of the State of Florida who resides in this judicial district.

3. At all times material hereto, SEGWAY was and is a Delaware corporation with its principal place of business at 14 Technology Drive, Bedford, New Hampshire 03110, which was doing business throughout the state of Florida for which it received substantial revenue. SEGWAY's registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

4. SEGWAY submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this lawsuit, the following acts:

(a) Committing tortious acts within this state by designing, assembling, manufacturing, testing, and selling defective electric scooters, which are the subject of this Complaint, to persons, firms, or corporations in this state. Such electric scooters were used by consumers in Florida in the ordinary course of commerce and trade. Such tortious acts resulted in substantial injuries to persons, including MANGAL, in Florida;

(b) Conducting and engaging in substantial business and other activities in Florida by selling electric scooters to persons, firms, or corporations in this state. Such scooters were purchased and used by consumers in Florida in the ordinary course of commerce and trade;

(c) The acts or omissions of SEGWAY caused injuries to persons in Florida, including MANGAL; and

    (d)    Selling defective electric scooters with knowledge or reason to foresee that its electric scooters would be shipped in interstate commerce and would reach the market of Florida users or consumers.

5.    At all times material hereto, NINEBOT was and is a Chinese limited company with its principal place of business at C206, North Lane of Dongsheng Technology Park, Zhongguancun, No.66 Xixiaokou Road, Haidian District, Beijing, P.R. China, which was doing business throughout the state of Florida for which it received substantial revenue.

6.    NINEBOT submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this lawsuit, the following acts:

    (a)    Committing tortious acts within this state by designing, assembling, manufacturing, testing, and selling defective electric scooters, which are the subject of this Complaint, to persons, firms, or corporations in this state. Such scooters were purchased and used by consumers in Florida in the ordinary course of commerce and trade. Such tortious acts resulted in substantial injuries to persons, including MANGAL, in Florida;

    (b)    Conducting and engaging in substantial business and other activities in Florida by selling electric scooters to persons, firms, or corporations in this state via its distributors, wholesalers, dealers and brokers. Such electric scooters were used by consumers in Florida in the ordinary course of commerce and trade;

    (c)    The acts or omissions of SEGWAY caused injuries to persons in Florida, including MANGAL; and

(d) Selling defective electric scooters with knowledge or reason to foresee that its electric scooters would be shipped in interstate commerce and would reach the market of Florida users or consumers.

7. The incident that gives rise to this action occurred in Windermere, Orange County, Florida.

## Introductory Allegations

8. Defendants, SEGWAY and NINEBOT, at all times material hereto were responsible for designing, manufacturing, constructing, assembling, testing, inspecting, distributing, and/or selling the Ninebot KickScooter MAX at issue in this case ("Subject Scooter").

9. On or about July 10, 2020, MANGAL's household purchased the Subject Scooter, Order Number 000028284 bearing SKU: 40.30.0000.10 and Serial No.: N4GSD2017K0188, directly from SEGWAY's own website.

10. On or about July 25, 2020, after delivery of the Subject Scooter, MANGAL was riding the Subject Scooter when the cruise control feature suddenly and unexpectedly engaged without alerting MANGAL.

11. By SEGWAY and NINEBOT's design, the Subject Scooter's cruise control engages automatically when the throttle remains in a constant position for five seconds, rather than by active participation of the user engaging the feature, as is standard in all other powered vehicles.

12. In ordinary use without the cruise control feature activated, the release of the Subject Scooter's throttle acts also as a breaking mechanism slowing the Subject Scooter down upon release.

13. Despite having an onboard instrument panel which displays its speed, selected transport mode, and other indicators, the Subject Scooter's instrument panel fails to indicate the cruise control's activation or deactivation status.

14. On or about July 25, 2020, while MANGAL was riding the Subject Scooter, the cruise control automatically engaged unbeknownst to MANGAL. Accordingly, when MANGAL released the throttle to slow the Subject Scooter due to an impending obstacle, the Subject Scooter continued traveling at a high rate of speed, resulting in MANGAL losing control and sustaining significant injuries.

15. At the time of the incident alleged above, MANGAL used the Subject Scooter in a manner intended and/or foreseeable to SEGWAY and NINEBOT.

## COUNT I
### Strict Liability Against SEGWAY

16. MANGAL realleges paragraphs 1 through 15 above as if reinstated verbatim herein.

17. SEGWAY is in the business of designing, manufacturing, constructing, assembling, testing, inspecting, distributing, and/or selling electric scooters, including the Subject Scooter.

16. SEGWAY placed the Subject Scooter on the market with knowledge that its users would inevitably ride the Subject Scooter in a manner which could unintentionally activate its cruise control. SEGWAY knew or should have known that ultimate users, operators or consumers would not and could not properly know of the latent cruise control feature without a visible indicator on the Subject Scooter, and that the lack of such indicator could result in foreseeable serious injury to users.

17. The Subject Scooter was defective and unreasonably dangerous to ultimate users, operators or consumers, including MANGAL, when sold and distributed by SEGWAY because of design defects and the failure to provide appropriate warnings, which allowed the Subject Scooter to result in a dangerous condition, including but not limited to the following:

    (a) The Subject Scooter was designed, manufactured, assembled, and/or sold in such a manner that it had inadequate and/or defective safety devices and measures;

    (b) The Subject Scooter was designed, manufactured, assembled, and/or sold in such a manner that it did not have adequate safety devices to prevent damage and injury to users due to the defective condition of the Subject Scooter;

    (c) The Subject Scooter was designed, manufactured, assembled, and/or sold in such a manner that it was capable of unexpectedly engaging cruise control; and

    (d) The Subject Scooter was designed, manufactured, assembled, and/or sold in such a manner that it failed to warn consumers,

including MANGAL, of the danger of the Subject Scooter automatically engaging cruise control.

18. For the reasons set forth above, the Subject Scooter was unreasonably dangerous to foreseeable users, including MANGAL, who used the Subject Scooter in an ordinary and foreseeable manner. At the time SEGWAY released the defective Subject Scooter into the stream of commerce, safer designs were technologically available and feasible and their use on the Subject Scooter would have prevented the injuries MANGAL sustained without substantially altering the design and/or costs of manufacturing the Subject Scooter.

19. The defects described above directly and proximately caused the incident and damages sustained by MANGAL in that they directly, and in a natural and continuous sequence, produced or contributed substantially to his injuries.

20. As a direct and proximate result of the foregoing, MANGAL sustained significant bodily injuries, resulting in pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of wages, and loss of the ability to earn money. The injuries MANGAL sustained are permanent within a reasonable degree of medical probability and he will continue to suffer losses in the future.

**WHEREFORE**, MANGAL demands judgment against SEGWAY INC. for damages, costs, interest and such other relief as this Court deems just.

## COUNT II
## NEGLIGENCE AGAINST SEGWAY

21. MANGAL realleges paragraphs 1 through 15 above as if reinstated verbatim herein.

22. SEGWAY designed, manufactured, constructed, assembled, tested, inspected, distributed, and/or sold the Subject Scooter.

23. DUTY: In designing, manufacturing, constructing, assembling, testing, inspecting, distributing, and/or selling the Subject Scooter, SEGWAY had a duty to users, operators, consumers and bystanders, to provide products that were safe for their intended and foreseeable uses. SEGWAY was under a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Subject Scooter in a reasonably safe condition so as not to present a danger to consumers who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Scooter, including MANGAL.

24. BREACH: SEGWAY breached its duty of reasonable care owed to MANGAL in one or more of the following ways:

    (a) Failing to properly design, manufacture, assemble, and/or sell the Subject Scooter in such a manner that it had adequate and/or effective safety devices and measures;

    (b)    Failing to properly design, manufacture, assemble, and/or sell the Subject Scooter so that it was reasonably safe for all foreseeable uses;

    (c)    Failing to properly design, manufacture, assemble, test, inspect, label, package, and otherwise place the Subject Scooter on the market for sale to the public in a condition free of defects and hazards which created an unreasonable danger of injury or death to consumers under normal and foreseeable circumstances;

    (d)    Marketing, promoting, advertising and representing that the Subject Scooter was suitable for use when, in fact, it was not;

    (e)    Failing to properly design, manufacture, assemble, and/or sell the Subject Scooter in such a manner that it would not unexpectedly fail; and

    (f)    Failing to provide adequate warnings, proper documentation or notices to alert consumers regarding the hazardous conditions described above.

25. **CAUSATION:** The negligence described above directly and proximately caused MANGAL's injuries in that they directly, and in a natural and continuous sequence, produced or contributed substantially to his injuries.

26. **DAMAGES:** As a direct and proximate result of the foregoing MANGAL sustained significant bodily injuries, resulting in pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of wages, and loss of the ability to earn money. The injuries MANGAL sustained are

permanent within a reasonable degree of medical probability and he will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff, AJAY MANGAL demands judgment against Defendant, SEGWAY INC. for damages, costs, interest and such other relief as this Court deems just.

## COUNT III
### Strict Liability Against NINEBOT

27. MANGAL realleges paragraphs 1 through 15 above as if reinstated verbatim herein.

28. NINEBOT is in the business of designing, manufacturing, constructing, assembling, testing, inspecting, distributing, and/or selling electric scooters, including the Subject Scooter.

29. NINEBOT placed the Subject Scooter on the market with knowledge that its users would inevitably ride the Subject Scooter in a manner which could unintentionally activate its cruise control. NINEBOT knew or should have known that ultimate users, operators or consumers would not and could not properly know of the latent cruise control feature without a visible indicator on the Subject Scooter, and that the lack of such indicator could result in foreseeable serious injury to users.

30. The Subject Scooter was defective and unreasonably dangerous to ultimate users, operators or consumers, including MANGAL, when sold and

10

distributed by NINEBOT because of design defects and failure to provide appropriate warnings, which allowed the Subject Scooter to result in a dangerous condition, including but not limited to the following:

(a) The Subject Scooter was designed, manufactured, assembled, and/or sold in such a manner that it had inadequate and/or defective safety devices and measures;

(b) The Subject Scooter was designed, manufactured, assembled, and/or sold in such a manner that it did not have adequate safety devices to prevent damage and injury due to the defective condition of the Subject Scooter;

(c) The Subject Scooter was designed, manufactured, assembled, and/or sold in such a manner that it was capable of unexpectedly engaging cruise control; and

(d) The Subject Scooter was designed, manufactured, assembled, and/or sold in such a manner that it failed to warn consumers, including MANGAL, of the danger of the Subject Scooter automatically engaging cruise control.

31. For the reasons set forth above, the Subject Scooter was unreasonably dangerous to foreseeable users, including MANGAL, who used the Subject Scooter in an ordinary and foreseeable manner. At the time NINEBOT released the defective Subject Scooter into the stream of commerce, safer designs were technologically available and feasible and their use on the Subject Scooter would have prevented the injuries MANGAL sustained without substantially altering the design and/or costs of manufacturing the Subject Scooter.

32. The defects described above directly and proximately caused the incident and damages sustained by MANGAL in that they directly, and in a natural and continuous sequence, produced or contributed substantially to his injuries.

33. As a direct and proximate result of the foregoing, MANGAL sustained significant bodily injuries, resulting in pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of wages, and loss of the ability to earn money. The injuries MANGAL sustained are permanent within a reasonable degree of medical probability and he will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff, AJAY MANGAL demands judgment against Defendant, NINEBOT (BEIJING) TECH. CO. LTD. for damages, costs, interest and such other relief as this Court deems just.

### COUNT IV
### NEGLIGENCE AGAINST NINEBOT

34. MANGAL realleges paragraphs 1 through 15 above as if reinstated verbatim herein.

35. NINEBOT designed, manufactured, constructed, assembled, tested, inspected, distributed, and/or sold the Subject Scooter.

36. <u>DUTY:</u>  In designing, manufacturing, constructing, assembling, testing, inspecting, distributing, and/or selling the Subject Scooter, NINEBOT had a duty to users, operators, consumers and bystanders, to provide products that were safe for their intended and foreseeable uses.  NINEBOT was under a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Subject Scooter in a reasonably safe condition so as not to present a danger to consumers who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Scooter, including MANGAL.

37. <u>BREACH:</u>  NINEBOT breached its duty of reasonable care owed to MANGAL in one or more of the following ways:

  (a) Failing to properly design, manufacture, assemble, and/or sell the Subject Scooter in such a manner that it had adequate and/or effective safety devices and measures;

  (b) Failing to properly design, manufacture, assemble, and/or sell the Subject Scooter so that it was reasonably safe for all foreseeable uses;

  (c) Failing to properly design, manufacture, assemble, test, inspect, label, package, and otherwise place the Subject Scooter on the market for sale to the public in a condition free of defects and hazards which created an unreasonable danger of injury or death to consumers under normal and foreseeable circumstances;

  (d) Marketing, promoting, advertising and representing that the Subject Scooter was suitable for use when, in fact, it was not;

    (e)    Failing to properly design, manufacture, assemble, and/or sell the Subject Scooter in such a manner that it would not unexpectedly fail; and

    (f)    Failing to provide adequate warnings, proper documentation or notices to alert consumers regarding the hazardous conditions described above.

38.    <u>CAUSATION</u>:    The negligence described above directly and proximately caused MANGAL's injuries in that they directly, and in a natural and continuous sequence, produced or contributed substantially to his injuries.

39.    <u>DAMAGES</u>:  As a direct and proximate result of the foregoing MANGAL sustained significant bodily injuries, resulting in pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of wages, and loss of the ability to earn money. The injuries MANGAL sustained are permanent within a reasonable degree of medical probability and he will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff, AJAY MANGAL demands judgment against Defendant, NINEBOT (BEIJING) TECH. CO. LTD. for damages, costs, interest and such other relief as this Court deems just.

## Jury Demand

Plaintiff, AJAY MANGAL hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff, AJAY MANGAL prays that upon final judgment, he may have and recover: trial by jury which is hereby demanded; judgment against SEGWAY INC. and NINEBOT (BEIJING) TECH. CO. LTD.; interest as allowed by law; actual damages; cost of suit; and such other relief, at law or equity, to which he may be justly entitled.

Respectfully submitted this 3rd day of March 2021.

/s/J. Blaise Fischbach
ANDREW F. KNOPF, ESQUIRE
Florida Bar No.: 658871
J. BLAISE FISCHBACH, ESQUIRE
Florida Bar No.: 118194
**PAUL KNOPF BIGGER**
840 S. Denning Dr., Suite 200
Winter Park, FL 32789
Phone: (407) 622-2111
Facsimile: (407) 622-2112
Email: andrew@pkblawfirm.com
Email: blaise@pkblawfirm.com
Email: kathryn@pkblawfirm.com

*Counsel for Plaintiff*